IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| DARRON TERRY SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 2:18-cv-02803-JTF-jay |
| | ) |
| UNIVERSITY OF TENNESSEE, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO DISMISS
_____

Before the Court is Defendants' University of Tennessee, The University of Tennessee Health Science Center, and College of Health Professions, Department of Physician Assistant Studies ("Defendants"), Motion to Dismiss; the Motion was filed on March 1, 2018. (ECF No. 11.) Pursuant to Administrative Order 2013-05, this case, including Defendants' Motion, was referred to the Magistrate Judge for management of all pretrial matters. Plaintiff Darron Terry Smith did not file a response to Defendants' Motion. The Magistrate Judge entered a Report and Recommendation suggesting that this Court grant Defendants' Motion and dismiss Plaintiff's claim. (ECF No. 15.) Plaintiff did not file any objections to the Report and Recommendation.

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED and Defendants' Motion to Dismiss GRANTED.

**FINDINGS OF FACT**

In his Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 15, 1–2.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

Plaintiff alleges three counts in his Complaint: (1) race discrimination in violation of 42 U.S.C. § 2000e-2(a) in the form of pay discrimination and other conditions of employment; (2) retaliation in violation of 42 U.S.C. § 2000e-3(a) for opposing pay discrimination; and (3) retaliatory discharge in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 1981. (ECF No. 1, 13–18.)

The Court adopts the Magistrate Judge's conclusion that Defendants' Motion to Dismiss should be granted because Plaintiff's claims are time-barred. Title VII requires a charge of discrimination to be filed with the EEOC within three hundred days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Additionally, Title VII provides that a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. 2000e-5(f)(1). The Sixth Circuit is clear that "the starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatory motivated." *Amini v. Oberlin College*, 259 F.3d 493, 499 (6th Cir. 2001). Plaintiff was issued his first right to sue letter on July 19, 2016, relating to his race discrimination, retaliation, and retaliatory discharge charges filed with the EEOC on March 4, 2015 and amended on July 30, 2015. (ECF No. 15, 4–5.) Plaintiff was then issued his second right to sue letter on August 28, 2018, relating to his race discrimination and retaliation charges filed with the EEOC on October 24, 2016. (ECF No. 15, 5.) The Court agrees with the Magistrate Judge that Plaintiff's March 4, 2015 and July 30, 2015 charges are time-barred because Plaintiff waited more than ninety days from the date of receiving notice of his right to sue before filing his Complaint in this Court. The Court also agrees with the Magistrate Judge that Plaintiff's act of filing essentially the same charges on October 24, 2016 and receiving a right to

sue letter on August 28, 2018 does not revive the March 4, 2015 and July 30, 2015 charges. *See Hollimon v. Shelby County Government*, 325 F. App'x 406, 407 (6th Cir. 2009) ("Title VII does not allow a plaintiff who misses the 90-day window to resurrect the same claims by including them in a new EEOC charge, restarting the process and resetting the limitations clock."). The Court also adopts the Magistrate Judge's finding that Plaintiff's failure to rehire claim that was included in his first charge with the EEOC was not included in Plaintiff's Complaint.

Lastly, the Court adopts the Magistrate Judge's conclusion that Plaintiff's race discrimination claim under 42 U.S.C. § 1981 is barred by the Eleventh Amendment. The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments . . ." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Furthermore, courts have repeatedly held that the University of Tennessee is "an arm and alter ego of the State of Tennessee." *Stefanovic v. University of Tennessee*, 935 F.Supp. 944, 946 (E.D. Tenn. 1996). Defendants are protected by the Eleventh Amendment, and Plaintiff's § 1981 claim should be dismissed.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **GRANT** Defendants' Motion to Dismiss Plaintiff's Complaint and, accordingly, **DISMISSES** said claims from this action.

**IT IS SO ORDERED** on this 27th day of September 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

4